**Debrah SOWEMIMO, Plaintiff–Appellee,**

v.

**D.A.O.R. SECURITY, INC. and Mohammed Islam, Defendants–Appellants.**

**Nos. 00–7342(L), 00–7868(XAP).**

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

Ronald Cohen, Ingber & Ingber, Greenwich, CT, for appellants.

Anthony C. Ofodile, Brooklyn, NY, for appellee.

Present FEINBERG, PARKER, Circuit Judges, and COVELLO *, District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendants-appellants D.A.O.R. Security, Inc. and Mohammed Islam ("appellants") appeal from the judgment of the United States District Court for the Southern District of New York (Carter, J.) entered on February 22, 2000, awarding plaintiff-appellee Debrah Sowemimo ("appellee") judgment in the sum of $6,240.00, and from its order dated May 4, 2000 denying appellants' motion for judgment as a matter of law, or for a new trial. *See Sowemimo v. D.A.O.R. Security, Inc.,* No. 97 Civ. 1083(RLC), 2000 WL 546439 (S.D.N.Y. May 4, 2000).

In addition, all parties appeal from the order of that court entered on June 30, 2000 granting appellee's motion for attorney's fees in the limited amount of $40,412.50. *See Sowemimo v. D.A.O.R. Security, Inc.,* No. 97 CIV. 1083(RLC), 2000 WL 890229, at *1 (S.D.N.Y. June 30, 2000).

In its May 4, 2000 order denying appellants' motion for judgment as a matter of law, or for a new trial, the court rejected appellants' contention that appellee had

---

* The Honorable Alfred V. Covello, of the United States District Court for the District of Connecticut, sitting by designation.

not presented a prima facie case of retaliatory discharge and that appellee had not shown that D.A.O.R.'s proffered justification for terminating her was pretext, and declined to disturb the jury's conclusion that appellants had acted in reckless disregard of appellee's rights under Title VII.

In its order of June 30, 2000 granting appellee's motion for attorney's fees, the court rejected appellants' argument that appellee's damage award was so small as to be "de minimus," and made a number of adjustments to appellee's counsels' submitted fee request.

We affirm for substantially the same reasons stated by the district court. *See Sowemimo v. D.A.O.R. Security, Inc.,* No. 97 Civ. 1083(RLC), 2000 WL 546439, at \*1 (S.D.N.Y. May 4, 2000); *Sowemimo v. D.A.O.R. Security, Inc.,* No. 97 CIV. 1083(RLC), 2000 WL 890229, at \*1 (S.D.N.Y. June 30, 2000).